IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:12CV678-RJC-DSC

| | |
|---|---|
| ANN LE, | ) |
| | ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) **AND ORDER** |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| et. al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss" (document #3), as well as the parties' briefs and exhibits. See documents ##3-1, 3-2 and 9, 10 and 11.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

This action involves the foreclosure of a deed of trust on real property located at 1604 Harland Street in Charlotte, North Carolina (the "Property"). On or about April 13, 2006, Plaintiff executed a promissory note (the "Note") payable to America's Wholesale Lender ("AWL") in the amount of $100,790.00. The Note was secured by a deed of trust (the "Deed of Trust", and referred to collectively with the Note as the "Loan") against the Property.

Following Plaintiff's default on the Loan, Defendant Bank of America, N.A. ("BANA"), as successor in interest to the original lender, instituted a foreclosure proceeding in Mecklenburg County Superior Court. On October 23, 2012, an Assistant Clerk of Court entered an "Order"

1

finding that BANA is the holder of the Note which constituted a valid debt, that the Note was in default, and that BANA was entitled to foreclose. See document #3-2. The Order further states that proper notice was given to the record owner of the Property and that there was no "valid legal reason" that the foreclosure should not commence. Id.

On October 12, 2012, Plaintiff filed her Complaint. Plaintiff pleads four causes of action: (I) Quiet Title; (II) Declaratory Relief; (III) Wrongful Foreclosure; and (IV) Fraud. Plaintiff admits that she defaulted under the terms of the Loan. See "Complaint" ¶¶ 24-25 (document #1). Plaintiff nevertheless contends that BANA lacks standing to enforce the Loan because the series of transactions transferring ownership of the Note and the Deed of Trust were not properly completed. Plaintiff acknowledges that BANA has been sending her account statements concerning the Loan, but she contends that Defendant "has no legal relationship to the current owner of Plaintiff's promissory note." Complaint at ¶ 35. Plaintiff asserts that she is in possession of a "securitization audit" reflecting those facts, but she did not attach that documentation to her Complaint or briefs.

On November 6, 2012, Defendants moved to dismiss, arguing that Plaintiff's claims are barred by collateral estoppel. Specifically, Defendants contend that the issues of standing, default and the right to foreclose have been conclusively determined in state court.

Five elements must be satisfied to establish collateral estoppel:

(1) that "the issue sought to be precluded is identical to one previously litigated" ("element one"); (2) that the issue was actually determined in the prior proceeding ("element two"); (3) that the issue's determination was "a critical and necessary part of the decision in the prior proceeding" ("element three"); (4) that the prior judgment is final and valid ("element four"); and (5) that the party against whom collateral estoppel is asserted "had a full and fair opportunity to litigate the issue in the previous forum" ("element five").

Mixon v. Wells Fargo Home Mortg., 2012 U.S. Dist. LEXIS 52141, *4 (W.D.N.C. Apr. 13,

2

2012) (citing Collins v. Pond Creek Mining Co., 468 F.3d 213, 217 (4th Cir. 2006) (quoting Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998)).

Applying these legal principles to the record in this case, the undersigned finds that the state foreclosure action resulted in a valid final judgment. In re Foreclosure by David A. Simpson, P.C., 711 S.E.2d 165, 169 (N.C. Ct. App. 2011). As Defendants argue, since Plaintiff did not appeal the foreclosure order within ten days as provided by N.C. Gen. Stat. § 45-21.16 (d1), she cannot now contest its validity or finality in this Court.

Similarly, the other elements for application of collateral estoppel have been established: the issues in the previous litigation are identical to the issues sought to be precluded; the issues were actually determined in the prior proceedings; the issues were a critical and necessary part of the determination in the prior proceedings; and Plaintiff had a full and fair opportunity to litigate the issues in the prior forum. See Mixon, 2012 U.S. Dist. LEXIS 52141 at *4.

The Order was issued following a foreclosure hearing conducted pursuant to North Carolina law, and made the following express findings of fact: (1) BANA, as successor in interest, is the holder of the Note, and the Note evidences a valid debt owed by Plaintiff; (2) the Note is in default and the Deed of Trust gives the holder of the note the right to foreclose under a power of sale; (3) notice of the hearing was served on the record owners of the Property and all other persons against whom BANA intended to assert liability for the debt; and (4) Plaintiff showed no valid legal reason why foreclosure should not commence. Based on these findings, the Order concluded that "the Substitute Trustee can proceed to foreclose under the terms of the above described Deed of Trust and give notice of and conduct a foreclosure sale as by statute provided." See document #3-2.

Each of Plaintiff's claims hinges on a finding that BANA did not have a valid secured interest and therefore lacks standing to foreclose on the Property. In other words, Plaintiff's claims would require the parties to re-litigate the judicial determinations set forth in the Order. "Any deficiency in the foreclosure hearing should have been raised in that hearing or by objection or an appeal of the resulting order. In this claim, Plaintiff[] [is] making a collateral attack on a foreclosure proceeding and judgment, which the law does not permit." Vogler v. Countrywide Home Loans, Inc., 2010 U.S. Dist. LEXIS 88485, at *16 (M.D.N.C. Aug. 26, 2010) (citing Douglas v. Pennamco, Inc., 75 N.C. App. 644, 646, 331 S.E.2d 298, 300 (1985)). Plaintiff is collaterally estopped from arguing that BANA is not the holder of the debt, that BANA lacks standing to foreclose, or that the debt is somehow invalid. Therefore, her claims are barred and the Motion to Dismiss should be granted.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion to Dismiss" (document #3) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: January 10, 2013

David S. Cayer
United States Magistrate Judge